W. Scott Mitchell
Hannah E. Tokerud
HOLLAND & HART LLP
401 North 31st Street
Suite 1500
P.O. Box 639
Billings, Montana  59103-0639
Telephone:  (406) 252-2166
Fax:  (406) 252-1669
smitchell@hollandhart.com
hetokerud@hollandhart.com

Attorneys for Defendant Exxon Mobil Corporation

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| MARY L. DEVERA, as Personal Representative of the Estate of Trent Vigus, deceased,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EXXON MOBIL CORPORATION and XTO ENERGY, INC.,<br><br>　　　　Defendants. | No. 9:17-cv-174-M-DLC<br><br>**DEFENDANT EXXON MOBIL CORPORATION'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

　　　　Exxon Mobil Corporation ("Exxon Mobil"), by and through its counsel of record, Holland & Hart LLP, for its answer to Plaintiff's complaint, states as follows.

## THE PARTIES

1. Exxon Mobil is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies them.

2. Exxon Mobil states Exxon Mobil Corporation is a New Jersey corporation. Exxon Mobil states that XTO Energy Inc. is a wholly-owned subsidiary of Exxon Mobil Corporation.

3. Exxon Mobil admits that XTO Energy Inc. is a Delaware corporation and has operations which engage in the exploration, drilling, and production of crude oil and natural gas in the State of Montana.

## JURISDICTION

4. Exxon Mobil admits the allegations contained in paragraph 4.

## COUNT I – NEGLIGENCE

5. Exxon Mobil admits the allegations contained in paragraph 5.

6. Exxon Mobil is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies them.

7. Exxon Mobil is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies them.

8. Exxon Mobil is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies them.

9. Exxon Mobil denies the allegations contained in paragraph 9.

10. Exxon Mobil is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies them.

11. Exxon Mobil is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies them.

12. The allegations in paragraph 12 set forth an alleged legal duty to which no response is required. To the extent a response may be deemed to be required Exxon Mobil denies the allegations in paragraph 12.

13. The allegations in paragraph 13 set forth an alleged legal duty to which no response is required. To the extent a response may be deemed to be required Exxon Mobil denies the allegations in paragraph 13.

14. The allegations in paragraph 14 set forth an alleged legal duty to which no response is required. To the extent a response may be deemed to be required Exxon Mobil denies the allegations in paragraph 14.

15. The allegations in paragraph 15 set forth an alleged legal duty to which no response is required. To the extent a response may be deemed to be required Exxon Mobil denies the allegations in paragraph 15.

16. Exxon Mobil is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies them.

17. Exxon Mobil is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies them.

18. Exxon Mobil is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies them.

19. Exxon Mobil is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph 19 and therefore denies them. Exxon Mobil denies all remaining allegations contained in paragraph 19.

20. Paragraph 20 contains a legal conclusion to which a response is not required. To the extent a response may be deemed to be required, Exxon Mobil denies the allegations contained in paragraph 20.

21. Exxon Mobil denies the allegations contained in paragraph 21.

## PUNITIVE DAMAGES

22.     Exxon Mobil denies the allegations contained in paragraph 22.

23.     Exxon Mobil denies the allegations contained in paragraph 23.

Responding to the WHEREFORE paragraph following paragraph 23, Exxon Mobil denies that it is liable to Plaintiff for damages or any other relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

The following defenses are asserted by and on Exxon Mobil's knowledge at this time and in an effort to pursue all available defenses.  Discovery may reveal that additional defenses are available and Exxon Mobil reserves the right to amend its answer and plead additional defenses.  Upon conclusion of discovery, defendant may withdraw any of these defenses as deemed appropriate.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims may be barred or limited due to failure to mitigate damages.

### THIRD DEFENSE

Plaintiff's claims may be barred or limited by comparative negligence.

## FOURTH DEFENSE

Plaintiff's damages may have been proximately caused by the negligence or other actionable conduct of unnamed third parties over which defendant had no control or right of control and therefore may be barred in whole or in part pursuant to Mont. Code Ann. § 27-1-701 *et. seq.*

## FIFTH DEFENSE

Exxon Mobil's liability and amount of damages are to be indemnified by an unnamed third party pursuant to implied and/or express indemnity or equitable indemnity.

## SIXTH DEFENSE

Exxon Mobil Corporation is not a proper party to this action as it is merely the parent corporation of XTO Energy Inc.

## SEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by applicable statutes of limitations and/or repose.

## EIGHTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, laches, or estoppel.

## NINTH DEFENSE

To the extent Plaintiff seeks punitive or exemplary damages against Exxon Mobil , unless Exxon Mobil's liability for punitive damages and the appropriate

amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Exxon Mobil's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the state constitution of any State of the United States whose laws might be deemed to apply in this case, and would be improper under the common law and public policies of that state.

### **TENTH DEFENSE**

To the extent Plaintiff seeks punitive or exemplary damages against Exxon Mobil, any such claim for punitive damages against Exxon Mobil cannot be maintained, because an award of punitive damages under applicable law would be unlawful and unauthorized, and would be void for vagueness, both facially and as applied, as a result of, among other deficiencies, the absence of adequate notice of what conduct is subject to punishment; the absence of adequate notice of what punishment may be imposed; and the absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, and by the applicable state constitution, and the common law and public policies of that state.

## **ELEVENTH DEFENSE**

To the extent Plaintiff seeks punitive or exemplary damages against Exxon Mobil, any such claim for punitive damages against Exxon Mobil cannot be maintained, because any award of punitive damages under applicable law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Exxon Mobil, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is permitted to award punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, if any, to Plaintiff, (6) is permitted to award punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any and (7) is not subject to adequate trial court and appellate judicial

review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Exxon Mobil's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process and equal protection provisions of the constitution of any State of the United States whose laws might be deemed to apply in this case, and would be improper under the common law and public policies of that state.

### TWELFTH DEFENSE

Venue is improper in the Missoula Division of the United States District Court for the District of Montana and should be transferred to the Billings Division pursuant to U.S.C. § 1406(a) and L.R. 3.2(c)(1).

### JURY TRIAL DEMANDED

Exxon Mobil hereby demands a trial by jury on all issues so triable.

WHEREFORE, Exxon Mobil prays:

A.   That judgment be entered in favor of Exxon Mobil and against Plaintiff on all claims;

B.   That Plaintiff take nothing by her Complaint;

C.   For its attorneys' fees, costs and expenses as provided by law; and

D.   For such other relief as the Court may deem just and proper.

Dated this 15th day of February, 2018.

*/s/ W. Scott Mitchell*
W. Scott Mitchell
HOLLAND & HART LLP

**ATTORNEYS FOR DEFENDANT
EXXON MOBIL CORPORATION**

10667751_1